FILED
MAR 13 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WANDA SUTTON and IRAN KEE, | **06CV1365** |
| *Plaintiff,* | **JUDGE NORGLE** |
| -vs- | **MAGISTRATE ASHMAN** |
| CITY OF HARVEY, ERIC KELLOGG, MERRITT GENTRY, WILLIAM MARTIN, DERRICK MUHAMMAD f/k/a DERRICK KELLOGG, and HARVEY POLICE OFFICERS KEYES AND DEBOIS, | ) *(jury demand)* ) ) ) ) ) ) ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiffs, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this court is conferred by 28 U.S.C. §1343.

2. Plaintiffs Wanda Sutton and her son Iran Kee are residents of the Northern District of Illinois.

3. Defendant City of Harvey is an Illinois municipal corporation.

4. Defendant Eric Kellogg is the Mayor of the City of Harvey and is sued in his individual capacity.

5. At the time of the matters complained of herein, defendant Gentry was the Commander of Detectives of the City of Harvey.

   a. Defendant Merritt Gentry was fired for various wrongdoing as a police officer by the City of Harvey in 2002.

    b. Gentry worked for the election of defendant Kellogg in the 2003 mayoral campaign in the City of Harvey.

    c. Following Kellogg's election, and at the direction of defendant Kellogg, the City of Harvey rehired Gentry and appointed him to be its Commander of Detectives.

    d. On November 22, 2005, defendant Gentry admitted in the Circuit Court of Cook County that he had provided false information to prosecutors in a criminal case, where that false information assisted a leader of the Vice Lords street gang. In accordance with the municipal practice described below, the City of Harvey did not take any disciplinary action against Gentry after his admission of wrongdoing.

6. William Martin was at all times relevant acting under color of his position as a City of Harvey police detective.

7. Defendant Derrick Muhammad was formerly known as Derrick Kellogg. Muhammad was appointed to be a Harvey police officer following the election of his brother, defendant Eric Kellogg, and was at all times relevant acting under color of his apparent position as a City of Harvey police officer.

8. Defendants Keyes and Debois were at all times relevant acting color of their position as City of Harvey police officers.

## FACTS

9. In March of 2004, a leader of the Vice Lords street gang named Ellis Calloway was shot and killed in the City of Harvey.

10. On March 14, 2004, defendants Gentry, Martin, Muhammad, Keyes, Debois and other Harvey police officers, whose names are presently unknown to plaintiffs, entered the residence of plaintiff Wanda Sutton and conducted a search for evidence related to the Calloway homicide. Defendant Gentry was in charge of the search.

11. The officers did not have a warrant; when plaintiff Sutton politely requested that the officers leave unless and until they had obtained a warrant, defendant Gentry responded that a warrant was not necessary when police officers in the City of Harvey enter a dwelling to search for a firearm.

12. The unlawful search of plaintiff Sutton's dwelling caused significant damage to her property.

13. Following the search of her home, plaintiff Sutton made several attempts to file a complaint about the police misconduct with the Internal Affairs Division of the Harvey Police Department. As a result of a municipal practice referred to below, the Harvey police department refused to take any complaint from plaintiff Sutton.

14. Plaintiff Iran Kee was present at his mother's home during the search and was arrested at that time by defendants Gentry and Martin.

15. Defendants Gentry and Martin arrested plaintiff Kee without a warrant and without probable cause to believe that plaintiff Kee had committed an

offense.

16. After arresting plaintiff Kee, defendants Gentry and Martin caused plaintiff to be transported to the Harvey police station, where he was exhibited in three lineups. These identification procedures failed to produce any evidence implicating plaintiff Kee in the Calloway homicide. Thereafter, defendants Gentry and Martin exploited the illegal arrest to coerce plaintiff to make a false confession.

17. To coerce plaintiff to make a false confession, defendant Gentry identified himself as a member of the Vice Lords street gang and told plaintiff Kees that he had "got one of ours," that "You guys killed one of us, he was a Vice Lord." Gentry exhibited the Vice Lord gang tatoos on his chest to support his claim that he was a member of the Vice Lords. Gentry also threatened plaintiff Kee with physical violence if he did not confess to involvement in the Calloway homicide.

18. Defendant Martin was aware of Gentry's improper activities and did not take any action to prevent Gentry's wrongdoing.

19. Gentry's threats caused plaintiff Kee to make a false confession to involvement in the Calloway homicide. As a result of the false confession, plaintiff Kee was formally charged with the murder of Calloway.

20. On December 22, 2005, a judge of the Circuit Court of Cook County concluded that Gentry had been trying to "serve two masters" while acting as a police officer and a Vice Lord and suppressed the confession that Gentry had extracted from plaintiff Kee.

21. On January 26, 2006, the prosecution dismissed the murder charge against plaintiff Kee.

22. As a result of the foregoing, plaintiff Sutton was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and plaintiff Kee was deprived of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

## THE MUNICIPAL PRACTICE OF REFUSING TO INVESTIGATE CITIZEN COMPLAINTS

23. Following the election of defendant Kellogg as Mayor of the City of Harvey, the City adopted a practice of refusing to investigate complaints of police misconduct.

24. This practice has become so permanent and well-settled that is constitutes a custom or usage with the force of law.

25. By declining to investigate citizen complaints of police misconduct, the City of Harvey has encouraged police wrongdoing, included but not limited to the unlawful search of the dwelling of plaintiff Wanda Sutton, the unlawful arrest of plaintiff Iran Kees, and the improper interrogation of plaintiff Iran Kees.

Case: 1:06-cv-01365 Document #: 1 Filed: 03/13/06 Page 6 of 7 PageID #:6

- 6 -

## KELLOGG'S PERSONAL INVOLVEMENT IN THE UNLAWFUL HIRING OF UNQUALIFIED PERSONS TO WORK AS POLICE OFFICERS

26. Following his election as Mayor, defendant Kellogg ordered the rehire of several police officers, including defendant Gentry, who had previously been discharged for misconduct. These former police officers, including defendant Gentry, had assisted Kellogg in his election campaign and were rewarded with supervisory positions in the police department.

27. In addition to ordering the rehire of previously discharged police officers, Kellogg ordered that several persons be hired as "part-time" police officers, including his brother Derrick Kellogg, who is now known as "Derrick Muhammad."

28. Kellogg's decision to hire these "part-time" police officers violated Illinois law and has resulted in a police department staffed by persons who exercise police powers but who do not obey the rule of law.

29. Kellogg's above described acts were a proximate cause of the unlawful search of the home of plaintiff Wanda Sutton, and the unlawful arrest and false confession that was extracted from plaintiff Kee.

30. Plaintiffs hereby demand trial by jury.

WHEREFORE plaintiffs prays that judgment be entered against defendants as follows:

I. In favor of plaintiff Wanda Sutton and against all defendants in an amount in excess of twenty five thousand dollars as compensatory damages, and against defendant Kellogg and Gentry in an amount in excess of twenty five thousand dollars as punitive damages;

II. In favor of plaintiff Iran Kee and against defendants Gentry, Martin, City of Harvey, and Kellogg in an amount in excess of one million dollars as compensatory damages, and against defendants Gentry and Kellogg, separately, in the amount of one hundred thousand dollars as punitive damages.

/s/ Kenneth N. Flaxman

KENNETH N. FLAXMAN
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com

*attorney for plaintiffs*